### RENO OIL CO. v. CULVER et al.

(Supreme Court, Appellate Division, First Department. April 19, 1901.)

1. CORPORATIONS—STOCK—FRAUDULENT ISSUE—CANCELLATION — COMPLAINT — SUFFICIENCY.

    A bill by a foreign corporation for the cancellation of stock alleged to have been fraudulently issued by its president and directors, which did not aver that the corporation had the right under its charter, or under the statute under which the corporation was organized, to issue stock, or that the wrongfully issued stock would in any way damage the bona fide stockholders, did not state facts sufficient to constitute a cause of action, since it did not show that the plaintiff did not have a perfect defense against any claim on the stock so issued.

2. SAME—EQUITY—CAUSES OF ACTION—JOINDER.

    A complaint to enjoin the president and directors of a corporation from issuing spurious stock, and to obtain the cancellation of spurious stock already issued by them, was not demurrable for improper joinder of causes of action.

Appeal from special term, New York county.

Action by the Reno Oil Company against Charles V. Culver and others. From an interlocutory judgment of the supreme court (68 N. Y. Supp. 303) overruling a demurrer to the complaint, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-
LIN, PATTERSON, and O'BRIEN, JJ.

Coleridge A. Hart, for appellants.

Louis O. Van Doren, for respondent.

McLAUGHLIN, J.   The complaint in this action alleges, in sub-
stance, that the plaintiff is a foreign corporation, organized and ex-
isting under the laws of the state of Pennsylvania; that the defend-
ant Culver is the president, and one Penn the secretary; that Culver,
Penn, and defendants Hutchinson and Huston are directors; that
Culver and Hutchinson, or Culver, Hutchinson, and Huston, conspir-
ing together, wrongfully and unlawfully induced Penn, without any
consideration therefor, to issue certain certificates of stock of the
plaintiff, representing in the aggregate 100,210 shares; that such is-
sue "exceeds the present legal issue of the capital stock of this plain-
tiff entitled to vote at the stockholders' meetings"; that the defend-
ant Major has, or claims to have, some interest in some of such certifi-
cates, but that he is not a bona fide holder of them, having acquired
his alleged interest with full knowledge that such certificates were
illegally issued; that, unless the defendants be enjoined and restrained
from disposing of such certificates, the plaintiff and its bona fide
stockholders will suffer great and irreparable injury.   The judgment
demanded is that the defendants be enjoined and restrained, during
the pendency of the action, from selling, assigning, or disposing of
such certificates, and that it be adjudged and decreed that they have
no right, title, or interest, either individually or otherwise, to the
same, and that each defendant be directed to deliver the certificates
for cancellation, and that the same be canceled.   Each defendant de-
murred to the complaint upon several grounds.   The demurrers were
overruled, and from the interlocutory judgment entered all of them
have appealed.   On the argument of the demurrers, as appears from
the opinion delivered in the court below, only two of the grounds
were insisted upon, and the same is true on the argument of the ap-
peal from the judgment there rendered, viz.:   (1) That the complaint
does not state a cause of action;  (2) that causes of action have been
improperly united.

We are of the opinion that the demurrers should have been sus-
tained, not on the ground that causes of action have been improperly
united (Railroad Co. v. Schuyler, 17 N. Y. 592); but for the reason
that the complaint does not state a cause of action against the de-
fendants, or either of them, in that it does not appear that the plain-
tiff has been or possibly can be injured in any way by reason of the
acts complained of.   The basis of plaintiff's claim, of course, rests upon
the assertion that it, or its stockholders, for whom it is trustee, has
or may sustain damage by the unauthorized and illegal acts of its
secretary, its president, and two of its directors, in issuing, without
consideration, the certificates of stock specified, but no facts are
stated from which a conclusion can be reached or an inference drawn
that any damage whatever will be sustained by reason of such acts.
The complaint alleges, as indicated, that the plaintiff is a corpora-
tion organized under the laws of Pennsylvania, whether a special

statute or a general one does not appear. What these laws are is not stated, and, being the laws of a foreign state, the court cannot take judicial notice of them. The right to issue certificates of stock is not one of the implied or incidental powers of a corporation. 1 Mor. Corp. par. 325. Such right, if it exists at all, is by virtue of the charter of the corporation or the statute under which it is incorporated. The powers of every corporation, like its corporate existence, are derived from some legislative act, and to determine whether it or its officers have the power to do a given act, binding upon it, resort must be had to its charter or the statute under which it was created. Unless they confer upon it the right to issue stock, it cannot be injured in any way by some or all of its officers attempting to do so. It is undoubtedly the general rule that a corporation is responsible for the acts of its officers in issuing certificates of stock, but the responsibility only attaches when it has power under its charter to issue certificates, and the officers are clothed with power, apparent or real, to perform the acts complained of. Knox v. American Co., 148 N. Y. 441, 42 N. E. 988, 31 L. R. A. 779.

The plaintiff, therefore, in the absence of allegations showing that it had the right to issue certificates of stock, has a perfect defense to any claim that may be made by the holders of the certificates in question. Town of Venice v. Woodruff, 62 N. Y. 462. The complaint does not show what the capital of the plaintiff is; that it has the right to issue certificates representing its capital, or, assuming that it had such right, that the certificates issued were executed by an officer having authority to execute them; that they resembled in any degree certificates rightfully issued, or that any one has been or will be deceived, or misled, damaged, or injured, in any way by the purchase of them. In this respect the complaint is clearly distinguishable from the one in Railroad Co. v. Schuyler, supra. There it appeared that the corporation was authorized by its charter to issue certificates of stock, and that the certificates authorized by the charter, except 78, had been issued; that the defendant was the president and transfer agent, and the one who had charge of the stock book from the organization of the company, and who had authority during all of the time complained of to issue certificates of stock; and that by reason of his fraudulent acts, extending over a series of years, he had issued and disposed of a large number of certificates, which on their face purported to be genuine, and were executed and signed in the same manner as genuine certificates, and undistinguishable from them, but which in fact were fraudulent overissues for defendant's own private use.

In the absence, therefore, of appropriate allegations, in the complaint before us, showing that under the charter of the plaintiff, or the statute under which it is incorporated, it has the right to issue certificates of stock representing its capital, and that the certificates which the defendants are alleged to have wrongfully caused to be issued will injure it in some way, or cause loss or damage to its bona fide stockholders, we are of the opinion that the complaint does not state a cause of action, and for that reason the demurrers should have been sustained.

It follows that the judgment appealed from must be reversed, with costs and disbursements, and the demurrers sustained, with costs, with the right to the plaintiff to serve an amended complaint upon payment of costs and disbursements in this court and in the court below. All concur.